UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Abeth Hashimi,<br><br>    Plaintiff,<br>vs.<br><br>7020 Austin Associates LLC, and<br>2K Cafe Ole Inc.,<br><br>    Defendants. | |

## COMPLAINT

Plaintiff, ABETH HASHIMI (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, 7020 AUSTIN ASSOCIATES LLC and 2K CAFE OLE, INC. (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

**1.**     This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.**     The subject property is a restaurant located at 70-20 Austin Street in Forest Hills,, NY 11375 (hereinafter, the "Subject Premises").

**3.**     All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Eastern District.

**PARTIES**

4. Plaintiff, ABETH HASHIMI, is over the age of 18, *sui juris,* and a resident of Queens County, New York. Plaintiff suffers from a congenital neuromuscular disorder known as Central Nuclear Myopathy, which is characterized by a defect in the cell structure of voluntary muscles, uses a wheelchair for mobility, and is a qualified individual under the ADA.

5. Defendant, 7020 AUSTIN ASSOCIATES LLC, is domestic limited liability company that is authorized to and does transact business in the State of New York and within this judicial district. Defendant, 7020 AUSTIN ASSOCIATES LLC, is the owner of the Subject Premises.

6. Defendant, 2K CAFE OLE, INC., is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district, and is the owner/operator of the restaurant "MOJO" located at the Subject Premises.

7. According to the New York State Liquor Authority, Defendant, 2K CAFE OLE, INC., doing business as MOJO, was issued an On Premises Liquor license on March 23, 2025 for the Subject Premises.

8. MOJO, located at 70-20 Austin Street in Forest Hills, New York, is a Latin fusion restaurant offering a diverse menu that blends traditional Latin American flavors with contemporary culinary techniques. The establishment features a variety of dishes, including tacos, ceviche, empanadas, and handcrafted cocktails, served in a vibrant and welcoming atmosphere. The Plaintiff appreciates the quality of the cuisine and the ambiance at MOJO. However, despite the Plaintiff's appreciation for the establishment, significant accessibility barriers hinder their ability to fully enjoy the dining experience, in violation of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

9. Plaintiff has visited the Subject Property which forms the basis of this lawsuit on or about October 2024, and again on or about May 2, 2025. On such occasions, the Plaintiff's ability to ambulate through the entrance of the Subject Property was constrained, hindered, and thwarted by the structural barriers, to wit; inaccessible dining tables, bars, and restrooms that were all incompatible for his wheeled ambulation. More specifically, for purposes of this suit, the barriers inhibited Plaintiff from partaking in the services and goods offered at the public accommodation at each of these visits.

10. The Plaintiff plans to return to the Subject Property to avail himself of the goods and services offered to the public at the Subject Property, yet Plaintiff will be denied and/or limited in the future unless and until Defendants are compelled to desist their policy of wilful indifference and remove the physical barriers to access and ADA violations which exist at the Facility, including but not limited, to those set forth in this Complaint.

11. Plaintiff lives only several miles from the Defendants' Facility, passes by the Defendants' Facility at least once per week when he is doing errands, visiting family and friends throughout the borough, and looking to drink and eat out. Moreover, the Defendants' Facility is in a neighborhood that Plaintiff dines out two to three times per month. Foremost, Plaintiff has partaken at, and in, nearly all of the neighboring restaurants surrounding the subject facility that are all without obstructions about twice per month, including but not limited to the Martha's Country Bakery, Chipotle, and Jersey Mike's Subs amongst many others; and thereon affirms that he would eat at the Defendant's restaurant and avail himself of the goods and services offered to the public, were it not for the structural barriers inhibiting his ability to fully partake in the services of the subject facility, in direct contravention of Title III of the ADA and provisions

under the ADAAG.

12. The Defendants' Facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG. Plaintiff has visited the Subject Property which forms the basis of this lawsuit and plans to return in the coming months to the Subject Property to avail himself of the goods and services offered to the public at the Subject Property, and to determine whether the Subject Property has been made ADA compliant. Plaintiff's access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and Plaintiff will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including but not limited, to those set forth in this Complaint.

13. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Facility. In this instance, Plaintiff visited the Facility and encountered barriers to access at the Facility, engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access as set forth herein.

14. Plaintiff visited the Facility and encountered barriers to access at the Facility no less than two times, specifically on October 2024, and again on or about May 2, 2025, engaged the barrier when attempting to approach the entrance door, wherein Plaintiff encountered an architectural barrier in the externalization of non-compliant dining tables, restrooms, and bar, then realizing the wheelchair could not safely traverse and/or access, thus causing plaintiff to leave and suffer legal harm and injury thereafter. Plaintiff will continue to suffer legal harm and

4

injury as a result of the illegal barriers to access as set forth in greater detail herein. The Plaintiff will continue to dine out in the neighborhood of the Defendants' subject property; specifically plans to visit this subject property this summer and autumn with family and friends for nights out, and holidays and events; and will thereon continue to attempt to access the services and facilities at said premises which have been deprived at all times material..

15. Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

16. Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

17. Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

18. Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

19. On or about October 2024, and again on or about May 2, 2025, Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the

property and its accommodations.

20. Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
**(Against All Defendants)**

21. Plaintiff restates Paragraphs 1-20 as though fully set forth herein.

22. Defendants, 7020 AUSTIN ASSOCIATES LLC and 2K CAFE OLE, INC., have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

23. 7020 AUSTIN ASSOCIATES LLC, as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

24. 2K CAFE OLE, INC., as the owner/operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

25. The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

1. Inaccessible dining tables located at ground floor dining area.
2. Required minimum knee and toe clearance not provided at dining tables located at

6

   ground floor dining area.

3. A minimum percentage of existing dining tables required to be accessible not provided at ground floor dining area.

   > ADAAG 226 Dining Surfaces and Work Surfaces
   > ADAAG 226.1 General.
   > Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
   > ADAAG 902 Dining Surfaces and Work Surfaces
   > ADAAG 902.1 General.
   > Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
   > ADAAG 902.2 Clear Floor or Ground Space.
   > A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
   > ADAAG 306.2 Toe Clearance.
   > ADAAG 306.2.3 Minimum Required Depth.
   > Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
   > ADAAG 306.2.5 Width.
   > Toe clearance shall be 30 inches (760 mm) wide minimum.
   > ADAAG 306.3 Knee Clearance.
   > ADAAG 306.3.3 Minimum Required Depth.
   > Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
   > ADAAG 306.3.5 Width.
   > Knee clearance shall be 30 inches (760 mm) wide minimum.

4. Inaccessible bar and barside dining area.

5. Accessible route to bar and barside dining area not provided as required.

6. Steps leading to bar and barside dining area act as a barrier to accessibility.

   > ADAAG 206 Accessible Routes
   > ADAAG 206.1 General.
   > Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
   > ADAAG 206.2.5 Restaurants and Cafeterias.
   > In restaurants and cafeterias, an accessible route shall be provided to all dining areas, including raised or sunken dining areas, and outdoor dining areas.
   > ADAAG 402 Accessible Routes ADAAG 402.1 General.
   > Accessible routes shall comply with 402.
   > ADAAG 402.2 Components.

> Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
> ADAAG 403 Walking Surfaces.
> ADAAG 403.4 Changes in Level.
> Changes in level shall comply with 303.
> Advisory 902.1 General.
> Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.

7. Portion of bar required to be accessible not provided.

8. Non-compliant height of bar exceeds maximum height allowance.

9. Required minimum toe clearance not provided at bar.

   > ADAAG 226 Dining Surfaces and Work Surfaces
   > ADAAG 226.1 General.
   > Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
   > ADAAG 902 Dining Surfaces and Work Surfaces
   > ADAAG 902.1 General.
   > Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
   > Advisory 902.1 General.
   > Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.
   > ADAAG 902.2 Clear Floor or Ground Space.
   > A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
   > ADAAG 902.3 Height.
   > The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.
   > ADAAG 306.2 Toe Clearance.
   > ADAAG 306.2.3 Minimum Required Depth.
   > Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
   > ADAAG 306.2.5 Width.
   > Toe clearance shall be 30 inches (760 mm) wide minimum.

10. Inaccessible dining tables located at barside dining area.

11. Minimum percentage of existing dining tables required to be accessible not provided at barside dining area.

12. Non-compliant height of dining tables located at barside dining area exceeds maximum height allowance.

    ADAAG 226 Dining Surfaces and Work Surfaces
    ADAAG 226.1 General.
    Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
    ADAAG 902.3 Height.
    The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.

13. Required minimum knee clearance not provided at dining tables located at barside dining area.

    ADAAG 226 Dining Surfaces and Work Surfaces
    ADAAG 226.1 General.
    Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
    ADAAG 902.2 Clear Floor or Ground Space.
    A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
    ADAAG 306.3 Knee Clearance.
    ADAAG 306.3.3 Minimum Required Depth.
    Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
    ADAAG 306.3.5 Width.
    Knee clearance shall be 30 inches (760 mm) wide minimum.

14. Required minimum toe clearance not provided at dining tables located at barside dining area.

    ADAAG 226 Dining Surfaces and Work Surfaces
    ADAAG 226.1 General.
    Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
    ADAAG 902.2 Clear Floor or Ground Space.
    A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
    ADAAG 306.2 Toe Clearance.
    ADAAG 306.2.3 Minimum Required Depth.
    Where toe clearance is required at an element as part of a clear floor space, the toe

>clearance shall extend 17 inches (430 mm) minimum under the element.
>ADAAG 306.2.5 Width.
>Toe clearance shall be 30 inches (760 mm) wide minimum.

15. Compliant accessible route to the first of two restrooms not provided as required.

16. Required minimum maneuvering clearance not provided at door of the first of two restrooms.

    >ADAAG 206 Accessible Routes
    >ADAAG 206.1 General.
    >Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
    >ADAAG 402 Accessible Routes
    >ADAAG 402.1 General.
    >Accessible routes shall comply with 402.
    >ADAAG 402.2 Components.
    >Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
    >ADAAG 404.2.4 Maneuvering Clearances.
    >Minimum maneuvering clearances at doors and gates shall comply with 404.2.4.
    >Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.

17. Non-compliant door knob at door of the two restrooms requires twisting of the wrist.

    >ADAAG 404 Doors, Doorways, and Gates
    >ADAAG 404.1 General.
    >Doors, doorways, and gates that are part of an accessible route shall comply with 404.
    >ADAAG 404.2.7 Door and Gate Hardware.
    >Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4.
    >ADAAG 309.4 Operation.
    >Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

18. Inaccessible light switch in the first of two restrooms.

19. Non-compliant height of light switch in the first of two restrooms exceeds maximum height allowance.

>ADAAG 205 Operable Parts
>ADAAG 205.1 General.
>Operable parts on accessible elements, accessible routes, and in accessible rooms and spaces shall comply with 309.
>ADAAG Advisory 205.1 General.
>Controls covered by 205.1 include, but are not limited to, light switches, circuit breakers, duplexes and other convenience receptacles, environmental and appliance controls, plumbing fixture controls, and security and intercom systems.
>ADAAG 309.3 Height.
>Operable parts shall be placed within one or more of the reach ranges specified in 308.
>ADAAG 308.2 Forward Reach.
>ADAAG 308.2.1 Unobstructed.
>Where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or ground.
>ADAAG 308.2.2 Obstructed High Reach.
>Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches (1220 mm) maximum where the reach depth is 20 inches (510 mm) maximum. Where the reach depth exceeds 20 inches (510 mm), the high forward reach shall be 44 inches (1120 mm) maximum and the reach depth shall be 25 inches (635 mm) maximum.
>ADAAG 308.3 Side Reach.
>ADAAG 308.3.1 Unobstructed.
>Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches (1220 mm) maximum and the low side reach shall be 15 inches (380 mm) minimum above the finish floor or ground.
>EXCEPTIONS: 1. An obstruction shall be permitted between the clear floor or ground space and the element where the depth of the obstruction is 10 inches (255 mm) maximum.
>ADAAG 308.3.2 Obstructed High Reach.
>Where a clear floor or ground space allows a parallel approach to an element and the high side Reach is over an obstruction, the height of the obstruction shall be 34 inches (865 mm) maximum and the depth of the obstruction shall be 24 inches (610 mm) maximum. The high side reach shall Be 48 inches (1220 mm) maximum for a reach depth of 10 inches (255 mm) maximum. Where the reach depth exceeds 10 inches (255 mm), the high side reach shall be 46 inches (1170 mm) maximum for a reach depth of 24 inches (610 mm) maximum.

20. Non-compliant height of lowered ceiling in the first of two restrooms.

21. Lowered ceiling in the first of two restrooms does not meet required minimum vertical clearance.

> ADAAG 307 Protruding Objects
> ADAAG 307.2 Protrusion Limits.
> Objects with leading edges more than 27 inches (685 mm) and not more than 80 inches (2030 mm) above the finish floor or ground shall protrude 4 inches (100 mm) maximum horizontally into the circulation path.
> ADAAG Advisory 307.2 Protrusion Limits.
> When a cane is used and the element is in the detectable range, it gives a person sufficient time to detect the element with the cane before there is body contact. Elements located on circulation paths, including operable elements, must comply with requirements for protruding objects. For example, awnings and their supporting structures cannot reduce the minimum required vertical clearance.
> Similarly, casement windows, when open, cannot encroach more than 4 inches (100 mm) into circulation paths above 27 inches (685 mm).
> ADAAG 307.4 Vertical Clearance.
> Vertical clearance shall be 80 inches (2030 mm) high minimum.

22. Inaccessible water closet in the two restrooms.
23. Required minimum clearance not provided at water closet in the two restrooms.

    > ADAAG 604 Water Closets and Toilet Compartments
    > ADAAG 604.3 Clearance.
    > Clearances around water closets and in toilet compartments shall comply with 604.3.
    > ADAAG 604.3.1 Size.
    > Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

24. Required grab bars not provided on rear and side walls of water closet in the first of two restrooms.

    > ADAAG 604 Water Closets and Toilet Compartments
    > ADAAG 604.5 Grab Bars.
    > Grab bars for water closets shall comply with 609.
    > Grab bars shall be provided on the side wall closest to the water closet and on the rear wall.

25. Inaccessible flush control at water closet in the first of two restrooms.

26. Non-compliant position of flush control located at closed side of water closet in the first of two restrooms.

    > ADAAG 604 Water Closets and Toilet Compartments.
    > ADAAG 604.6 Flush Controls.
    > Flush controls shall be hand operated or automatic.

    Hand operated flush controls shall comply with 309. Flush controls shall be located on the open side of the water closet except in ambulatory accessible compartments complying with 604.8.2.

27. Insulation of pipes and water lines under the lavatory in the two restrooms not provided as required.

    ADAAG 606 Lavatories and Sinks.
    ADAAG 606.5 Exposed Pipes and Surfaces.
    Water supply and drain pipes under lavatories and sinks shall be insulated or otherwise configured to protect against contact. There shall be no sharp or abrasive surfaces under lavatories and sinks.

28. Inaccessible hand dryer in the first of two restrooms.

29. Non-compliant mounted height of hand dryer in the first of two restrooms exceeds maximum height allowance.

    ADAAG Advisory 606.1 General.
    If soap and towel dispensers are provided, they must be located within the reach ranges specified in 308.
    ADAAG 308.2 Forward Reach.
    ADAAG 308.2.1 Unobstructed.
    Where a forward reach is unobstructed, the high forward reach shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground.
    ADAAG 308.2.2 Obstructed High Reach.
    Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches maximum where the reach depth is 20 inches maximum. Where the reach depth exceeds 20 inches, the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum.
    ADAAG 308.3 Side Reach.
    ADAAG 308.3.1 Unobstructed.
    Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches maximum and the low side reach shall be 15 inches minimum above the finish floor or ground.
    ADAAG 308.3.2 Obstructed High Reach.
    Where a clear floor or ground space allows a parallel approach to an element and the high side reach is over an obstruction, the height of the obstruction shall be 34 inches maximum and the depth of the obstruction shall be 24 inches maximum. The high side reach shall be 48 inches maximum for a reach depth of 10 inches maximum. Where the reach depth exceeds 10 inches, the high side reach shall be 46 inches maximum for a reach depth of 24 inches maximum.

30. Inaccessible mirror in the first of two restrooms.

31. Non-compliant mounted height of mirror in the first of two restrooms exceeds maximum height allowance.

    ADAAG 603.3 Mirrors.
    Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground.
    Mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

32. Inaccessible water closet in the second of two restrooms due to the placement of a table adjacent to water closet.

33. Required minimum clearance not provided at water closet in the second of two restrooms due to the placement of a table adjacent to water closet.
    ADAAG 604 Water Closets and Toilet Compartments
    ADAAG 604.3 Clearance.
    Clearances around water closets and in toilet compartments shall comply with 604.3.
    ADAAG 604.3.1 Size.
    Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

34. Non-compliant distance of water closet from side wall in the second of two restrooms.

    ADAAG 604 Water Closets and Toilet Compartments.
    ADAAG 604.2 Location.
    The water closet shall be positioned with a wall or partition to the rear and to one side.
    The centerline of the water closet shall be 16 inches minimum to 18 inches maximum from the side wall or partition.

35. Non-compliant existing grab bar at rear wall of water closet in the second of two restrooms does not meet minimum size requirement.

    ADAAG 604 Water Closets and Toilet Compartments
    ADAAG 604.5.2 Rear Wall.
    The rear wall grab bar shall be 36 inches (915 mm) long minimum and extend from the centerline of the water closet 12 inches (305 mm) minimum on one side and 24 inches (610 mm) minimum on the other side.

36. Non-compliant mounted position of grab bar at side wall of water closet in the second of two restrooms.

37. Existing grab bar at side wall of water closet in the second of two restrooms not mounted in a horizontal position as required and exceeds maximum height allowance.

> ADAAG 609.4 Position of Grab Bars.
> Grab bars shall be installed in a horizontal position, 33 inches (840 mm) minimum and 36 inches (915 mm) maximum above the finish floor measured to the top of the gripping surface, except that at water closets for children's use complying with 604.9, grab bars shall be installed in a horizontal position 18 inches (455 mm) minimum and 27 inches (685 mm) maximum above the finish floor measured to the top of the gripping surface. The height of the lower grab bar on the back wall of a bathtub shall comply with 607.4.1.1 or 607.4.2.1.

38. Non-compliant size of grab bar at side wall of water closet in the second of two restrooms does not meet minimum size requirement.

> ADAAG 604 Water Closets and Toilet Compartments
> ADAAG 604.5.1 Side Wall.
> The side wall grab bar shall be 42 inches (1065 mm) long minimum, located 12 inches (305 mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall.

25. Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

26. In addition to his personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff is an advocate for the rights of individuals with disabilities and serves as a "tester" to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises in his capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Premises'

compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

**27.** Plaintiff, in his capacity as a tester, will return to the Premises once Defendants make the necessary modifications to ensure accessibility for individuals with physical disabilities. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete.

**28.** The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

**29.** Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

**RELIEF SOUGHT**

**30.** Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

**31.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**32.** Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By: /s/ Maria-Costanza Barducci
Maria-Costanza Barducci, Esq.
  *Attorney for Plaintiff*
Bar No. 5070487
MC@BarducciLaw.com